WHITE, Circuit Judge,
concurring.
In addition to the “special danger” element of a state-created danger case, there is a foreseeability requirement. Powers v. Hamilton County Pub. Defender Comm’n, 501 F.3d 592, 609 (6th Cir.2007). In Powers, we explained:
The Supreme Court has stated that “§ 1983 ‘should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.’ ” Relying on this language, courts have framed the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant’s conduct. Even if an intervening third party is the immediate trigger for the plaintiff’s injury, the defendant may still be proximately liable, provided that the third party’s actions were foreseeable.
Id. (citation omitted).
Plaintiffs have not established a genuine issue whether it was foreseeable that Sergeant Cooper’s leading plaintiffs to believe that Collins would be arrested would result in Collins shooting Rosetta. Jamika reported Collins’s February 1 misdemeanor assault involving no weapon to Sergeant Cooper that same night. It was not foreseeable at that time — when Sergeant Cooper allegedly informed plaintiffs that Collins would be arrested and then failed to obtain an arrest warrant — that three weeks later, Collins would shoot and kill Jamika’s mother.